U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 10 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TERRY TILMON | CIV. ACT. NO. 13-3127 |
| -vs- | JUDGE DRELL |
| TIMOTHY KEITH, ET AL. | MAG. JUDGE PEREZ-MONTES |

### JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record, including the objections filed herein, and having determined that the proposed findings and recommendation are correct under applicable law and jurisprudence, it is hereby

**ORDERED** that Tilmon's complaint against the State of Louisiana is **DISMISSED** without prejudice for failure to effect service pursuant to Fed. R. Civ. P. 4(m). It is further

**ORDERED, ADJUDGED** and **DECREED** that Defendants' motion for summary judgment (Doc. 57) is **GRANTED** as to Tilmon's claims for First Amendment freedom of religious exercise and Eighth Amendment deliberate indifference regarding his back injury. These claims are **DENIED** and **DISMISSED** with prejudice. It is further

**ORDERED, ADJUDGED** and **DECREED** that Defendants' motion for summary judgment (Doc. 57) is **DENIED** as to Tilmon's claims for (1) Eighth Amendment cruel and unusual punishment regarding allegations of exposure to temperature extremes and inclement weather because of broken housing unit windows; (2) Eighth Amendment deliberate indifference to serious medical risk of harm by exposure to environmental tobacco smoke and synthetic marijuana smoke in his housing unit; and (3) Eighth Amendment deliberate indifference to

Tilmon's serious medical condition resulting in reinjury to Tilmon's back allegedly caused by a work assignment which failed to adhere to medical restrictions, of which prison officials knew or should have known.

In so finding, we reject Defendants' argument that Tilmon's environmental tobacco smoke ("ETS") claim should not be permitted to advance beyond the summary judgment stage based on the affidavit submitted by Daniel Marr, former Winn Correctional Center ("WCC") Medical Director, attesting that Tilmon's medical records at WCC contained no complaints related to ETS or synthetic marijuana smoke. (Doc. 70 at pp. 2-3). As observed by Tilmon, applicable jurisprudence includes future harm to health within the ambit of the Eighth Amendment's protections, even when no current manifestation may be apparent. Helling v. McKinney, 509 U.S. 25, 33 (1993). As discussed in Hicks, we have taken judicial notice of the Surgeon General's 2006 Report as authority for the conclusion that exposure to ETS presents a widely-acknowledged health risk for purposes of the objective component of Helling. Hicks v. Corrections Corp. of America, 2009 WL 2969768, *16 (W.D. La. 2009). We also note that Tilmon offers several affidavits which tend to corroborate his allegations of ETS exposure. (Doc. 62-1). While any such evidence may not ultimately be deemed credible by the fact finder in this case, the court may not weigh its credibility at this stage of the case. Heinsohn v. Carabin & Shaw, P.C., 832 F.3d 224, 245 (5th Cir. 2016).

Given these findings, the court deems the three (3) specified Eighth Amendment claims above should be and are hereby preserved for further proceedings consistent with this Judgment.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this _10th_ day of November, 2016.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT