| | |
|---|---|
| TERRY D. TILMON | CIVIL ACTION NO. 1:13-CV-03127 |
| VERSUS | |
| TIMOTHY KEITH, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

I.    Background

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, *in forma pauperis*, by pro se plaintiff Terry D. Tilmon ("Tilmon") on November 22, 2013 and amended on March 28, 2014 (Doc. 10). The remaining named defendants are Corrections Corporation of America ("CCA") (former operator of the Winn Correctional Center ("WCC") in Winnfield, Louisiana), Warden Timothy Keith ("Keith"), and WCC corrections officers Kevin Jordan ("Jordan") (Housing Unit Manager at WCC) and Richard Cotton ("Cotton") (foreman of the Prison Enterprise Garment factory at WCC).

The remaining claims are whether Tilmon was subjected to unconstitutional conditions of confinement while he was incarcerated in WCC: (1) exposure to weather extremes due to broken windows in his dorm; (2) he re-injured his back while performing a work assignment that did not adhere to medical restrictions; and (3) he has been subjected to high levels of environmental tobacco smoke and synthetic marijuana smoke in his housing unit due to understaffing in WCC which have caused

shortness of breath, headaches, sleeplessness, and disorientation. Tilmon seeks monetary damages (including punitive) and injunctive relief (Doc. 10). Tilmon is still confined in WCC.

Defendants filed a motion *in limine* (Doc. 85) seeking to preclude Tilmon from presenting evidence (testimony and an article[1]) by Shane Bauer, an investigative journalist who was trained and employed as a prison guard at WCC for four months in 2014 and 2015. That motion is before the Court for disposition.

II. <u>Law and Analysis</u>

Defendants seek to exclude testimony from and an article written by Shane Bauer (Doc. 85).

Tilmon contends he will offer Bauer's testimony as to his personal knowledge of understaffing and the inability to enforce the policy on smoking at WCC (Doc. 89). Defendants argue that, since Bauer was employed in December 2014 through March 2015, and Tilmon's complaint was filed in 2013, Bauer's evidence is not relevant because it involves a different period of time. Tilmon argues the constitutional violations at WCC that he complains of were ongoing through 2015, when Corrections Corporation of America ("CCA") ceased operating WCC.

Defendant's motion is preemptive, based on Tilmon's contention that he is trying to contact Bauer about testifying on his behalf. Tilmon has not yet subpoenaed

---

[1] Bauer's article, "My Four Months as a Private Prison Guard," is available at: http://www.motherjones.com/politics/2016/06/cca-private-prisons-corrections-corporation-inmates-investigation-bauer.

Bauer, nor has Bauer agreed to testify. Therefore, this motion is premature and should be dismissed. See Laughlin v. Falcon Operators, Inc., 2001 WL 474282, *1 (E.D. La. 2001) (motion to exclude a witness made before the witness was served with a subpoena was premature).

III. Conclusion

For the foregoing reasons, IT IS ordered that Defendants' motion *in limine* (Doc. 85) is DENIED as premature.

IT IS FURTHER ORDERED that the previously filed Report and Recommendation (Doc. 94) is VACATED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge